**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**MOBILE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO.** |
| **v.** | ) ) | **1:19-cv-00425-CG-B** |
| **CLIMATEMP COOLING & HEATING, INC.** | ) ) ) | |
| **Defendant.** | ) ) | |
| **CHARLOTTE DEAKLE,** | ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | |
| **CLIMATEMP COOLING & HEATING, INC., RANDY ENGLEBERT and STAN ENGLEBERT** | ) ) ) | |

---

## CONSENT DECREE

---

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed a lawsuit against Climatemp Cooling & Heating, Inc. ("Climatemp" or "Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct alleged unlawful employment practices on the basis of sex (female) and race (African-American), and retaliation, and to provide appropriate relief to: (a) Rob DeFrancesco, (b) Beatrice "Diane" Taylor and a (c) class of female

1

employees and African-American job applicants (hereinafter referred to as the "Class"), who were adversely affected by such practices.

Nothing stated in this Consent Decree constitutes nor shall be implied, interpreted or provide evidence as an admission of unlawful conduct under Title VII of the Civil Rights Act, nor shall it be construed as such. Defendant denies all liability.

## RECITALS

1. In the interest of resolving this matter, and avoiding the expense of further litigation, the Commission and Defendant ("Parties") have agreed that this action shall be finally resolved by entry of this Consent Decree. The Parties agree that the terms of this Consent Decree are adequate, fair and reasonable.

2. The Parties do not object to the jurisdiction of this Court over the Parties and the subject matter of this lawsuit, and agree to the power of this Court to approve this Consent Decree and enforce it as to the Parties.

3. The Parties agree to entry of this Consent Decree without trial or further adjudication of the claims made by the Commission in this lawsuit, and waive their rights to a hearing, the entry of findings of fact and conclusions of law, and to a jury trial.

4. The Parties agree that this Consent Decree is final and binding upon Climatemp, and its agents, officers, all employees, servants, successors and assigns.

5. The Parties agree that, for the duration of this Decree, prior to the full or partial sale or transfer of Climatemp ownership rights or interests, Climatemp shall provide written notice of this Consent Decree and its contents to any potential purchaser or transferee. The Parties also agree that Climatemp shall send the Commission a copy of the written notice at the same time it sends the written notice to the purchaser or transferee.

6.    The Parties agree that when this Consent Decree requires Climatemp to send documents, reports, information, and items to the Commission or the Regional Attorney of the Birmingham District Office, the documents, reports, information, and items shall be sent to the attention of Marsha Rucker, Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) this Consent Decree is intended to and does resolve all matters in controversy in this lawsuit among the Parties, and (iii) the terms of this Consent Decree constitute a fair and equitable settlement of all issues between the Parties in this lawsuit.  This Consent Decree, being entered with the consent of the Parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendant that it violated Title VII or the Civil Rights Act of 1991.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

1.    This Consent Decree is entered into by the Commission and Climatemp.

2.    This Consent Decree shall be final and binding between the Commission and Climatemp.

3.    This Consent Decree shall resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 1:19-cv-00425-GC-B.

4.    This Consent Decree shall be filed in the United States District Court for the Southern District of Alabama, Mobile Division, and shall be in effect, and continue to be in effect, for a period of four (4) years from the date of entry of this Consent Decree by the Court.

5.      Any modification of this Consent Decree by any Party shall be made by motion to the Court.

6.      The Court shall retain jurisdiction over this case to enforce the terms of the Consent Decree.

7.      Defendant Climatemp shall not discriminate against employees on the basis of sex, nor retaliate against any employee who reports or otherwise opposes conduct reasonably believed to violate Title VII.

8.      Defendant Climatemp shall not discriminate against applicants seeking employment on the basis of race.

9.      Defendant Climatemp shall not adversely affect the terms and conditions of an employee's employment based on his or her relationship to an individual based on race.

10.     Defendant Climatemp shall not permit or perpetuate a hostile work environment based on sex.

11.     Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the obligations of Climatemp under Title VII.

12.     Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any current or future charge of discrimination filed with the EEOC or against Climatemp.

13.     Climatemp, including its officers, agents, employees, successors, and assigns, and all of those in active concert or participation with them, is permanently enjoined for the duration of this Consent Decree from the following:

      A.    Discriminating against an applicant or employee on the basis of sex in terms and conditions of employment, and/or creating, facilitating or permitting the existence of a hostile work environment on the basis of sex.

B.  Discriminating against an applicant on the basis of that individual's race or that individual's relationship to another individual based on race.

C.  Retaliating against an employee who reports sex or race discrimination or harassment.

D.  Retaliating against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## MONETARY RELIEF

14.  Defendant shall pay monetary relief in the total gross amount of ONE HUNDRED THIRTY THOUSAND DOLLARS ($130,000) apportioned as described below to Robert DeFrancesco, Beatrice "Diane" Taylor, and the Class.

15.  Defendants shall pay Class Member Charlotte Deakle the total gross amount of FORTY-FIVE THOUSAND DOLLARS ($45,000.00) in accordance with the terms of a consent judgment and a settlement agreement to be separately  executed  between Deakle and Climatemp.

16.  Of the monetary relief in paragraph 14 above, Defendant shall pay TWENTY-FIVE THOUSAND DOLLARS ($25,000) within ninety (90) days of the entry of this Consent Decree. The remaining ONE HUNDRED FIVE THOUSAND DOLLARS ($105,000) shall be paid in fifteen (15) equal payments of SEVEN THOUSAND DOLLARS ($7,000), beginning one hundred eighty (180) days after entry of this Consent Decree and each ninety (90) days thereafter for the duration of this Consent Decree. The payments shall be apportioned as described below. There shall be no penalty for pre-payment.

17. THREE THOUSAND DOLLARS ($3,000) of the settlement amount to be paid to Robert DeFrancesco shall be attributed to alleged back pay damages and this portion of the settlement amount will be subject to applicable taxes and other withholdings required by law, which Defendant will deduct. The remainder of all monetary relief paid by Defendant pursuant to paragraph 14 to Robert DeFrancesco, Beatrice "Diane" Taylor, and the Class shall be attributed to the EEOC's claims for alleged compensatory damages.

18. The specific amounts to be disbursed each quarter to Robert DeFrancesco, Beatrice "Diane" Taylor, and the Class shall be determined by the EEOC and communicated in writing by a distribution list sent to Defendant within sixty (60) days of the entry of this Consent Decree. EEOC shall, in its sole discretion, determine the identities of and amounts each individual shall receive and may amend the distribution list within its sole discretion prior to Defendant's payment of any quarterly installment.  Defendant shall issue checks payable to Robert DeFrancesco, Beatrice "Diane" Taylor, and the Class by certified mail to the individuals at addresses provided by the EEOC.

19. Defendant shall also mail a copy of the checks to  Robert DeFrancesco, Beatrice "Diane" Taylor, and the Class to the attention of Plaintiff's Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205 and email electronic copies to marsha.rucker@eeoc.gov, gina.pearson@eeoc.gov, and kurt.fischer@eeoc.gov.

20. Defendant will timely issue applicable United States Internal Revenue Service forms to Mr. DeFrancesco, Beatrice "Diane" Taylor, and the Class. Each recipient shall be solely responsible for any tax consequences regarding these payment amounts.

21.     These amounts payable pursuant to paragraphs  14-18 above shall be paid in full settlement of the claims against Defendant, which were the basis of the EEOC Charge filed by Robert DeFrancesco (charge number 425-2017-00940, including all alleged amendments thereto), and the EEOC's Complaint, case number 1:19-cv-00425 in the Southern District of Alabama and constitute full settlement of all claims made by the Commission in its Complaint on behalf of DeFrancesco and the affected class.

22.     The EEOC will notify DeFrancesco, Taylor and the class members that they must notify the EEOC of any change of addresses.  The EEOC will provide Climatemp  notice of any change of address within ten (10) days of its receipt.

23.     Failure to adhere to the distribution list or failure to make timely payment as provided by this Consent Decree shall constitute a breach of this Consent Decree.

24.     Defendant will promptly notify the Commission in the event any check is returned to Defendant as undeliverable. Defendant shall disburse any residual amount remaining 90 days after the expiration of this Decree to an Alabama organization identified by the EEOC that has as one of its purposes eradicating sex and race discrimination.

## **GENERAL INJUNCTIVE RELIEF**

25.     Within ninety (90) days of the approval and signing of the Consent Decree by the Court and its entry onto the case docket in this lawsuit, Defendant shall review its policies against discrimination and retaliation and revise them, if necessary, so that such policies include, at a minimum, the following:

(a)     A statement expressing Defendant's strong and clear commitment to a workplace that complies with Title VII, and is free of unlawful discrimination, harassment and retaliation;

7

(b)     A statement encouraging employees who believe they have been discriminated or retaliated against, or who believe they have witnessed discrimination or retaliation, to report it;

(c)     A requirement that persons who complain about discrimination or retaliation shall not be retaliated against, and that Defendant will take disciplinary and corrective action against any employee, supervisor, manager or officer who engages in retaliation or, if a supervisor, manager or officer, condones discrimination or retaliation, or fails to address either in conformity with the law and these policies and procedures;

(d)     A requirement that the identity of employees who complain about, report or are witnesses to discrimination or retaliation, or witnesses in investigations of discrimination or retaliation, shall be protected to the extent reasonably possible;

(e)     A statement that provides an assurance of non-retaliation for persons who believe they have been subjected to discrimination, harassment or retaliation, and for persons who otherwise oppose activity unlawful under Title VII, or reasonably believed to be unlawful, or who participate in any form or fashion, including providing statements, assistance or information related to the complaint, allegations or report of discrimination, harassment or retaliation;

(f)     Clear definitions of sex harassment and retaliation, with examples where appropriate;

(g)     Convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation;

(h)     Designation of at least two  individuals other than the owners as investigative officers to receive and investigate reports of harassment, discrimination or retaliation;

(i)      A requirement that each investigative officer receive at least four (4) hours of training on identifying and investigating harassment and retaliation;

(j)      A statement that employees may raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, prohibited by Title VII and the policies and procedures generated by this Consent Decree;

(k)      A statement that reports of harassment and retaliation can be made to any supervisory or managerial employee and to any member of Defendant's human resources staff who shall convey the reports to the individuals described in paragraph 25 (h) above for investigation;

(l)      A statement that reports of harassment and retaliation may be made orally or in writing and can be made anonymously;

(m)      Broad dissemination of the telephone numbers, mailing and email address of supervisory or management staff to whom reports of harassment and retaliation may be made;

(n)      A requirement that any supervisory or managerial employee who observes or otherwise obtains information regarding harassment and retaliation report such information immediately to any individual identified in paragraph 25(h) above;

(o)      A statement expressing Defendant's strong and clear commitment to hiring practices that do not discriminate on the basis of race;

(p)     A statement that requires Defendant, its officers, directors, managers, supervisors, recruiters, and human resource personnel be trained on the requirements of Title VII and the policies and procedures generated by this Consent Decree;

(q)     A statement that describes in detail the consequences, up to and including termination, that shall be imposed upon violators of Title VII and the policies and procedures generated by this Consent Decree;

(r)     A statement that provides assurances that Defendant shall investigate all allegations of discrimination or retaliation promptly, fairly, reasonably, effectively, expeditiously and as confidentially as possible under the circumstances by appropriate investigators and that appropriate corrective action, if necessary and appropriate follow-up shall be taken by Defendant to make victims whole and to eradicate any discerned discrimination or retaliation;

(s)     A statement that requires Defendant to thoroughly review these policies and procedures with all employees as part of their employee orientations and scheduled trainings at all of its facilities and locations;

(t)     A statement that requires and provides a system for ensuring the dissemination of Defendant's Title VII discrimination policies, this Consent Decree, and the policies and procedures generated by this Consent Decree, to all Defendant's employees; and

(u)     A requirement that each discrimination and retaliation investigation be kept confidential, to the degree it can be done.

26.   A copy of the policies and procedures provided for in this section shall be posted in prominent locations frequented by employees and be distributed to all employees within ninety

(90) days of the date this Consent Decree is approved and signed by the Court, and entered in the case docket in this lawsuit.  A copy of these policies and procedures shall be provided to each new employee within five (5) days of his or her hire with Defendant.

27.    Defendant shall mail a copy of all policies and procedures created pursuant to this Consent Decree to the EEOC Birmingham District Office, Regional Attorney 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, within ten (10) days of their issuance.

## ANNUAL TRAINING FOR MANAGERS, SUPERVISORS AND EMPLOYEES

28.    During the term of the Consent Decree, Defendant shall, once per year, provide one-hour training at each of its locations on employment discrimination and retaliation to all non-supervisory employees. The training may be live or by video. The initial annual training will be scheduled and conducted within ninety (90) days of the entry of this Consent Decree. Defendant shall submit to the EEOC an agenda for the EEO training program for all non-supervisory employees.

29.    The annual non-supervisory employee training shall include the following topics:

    a.    An explanation of Title VII and the Defendant's policies regarding discrimination, harassment and retaliation;

    b.    All aspects of Title VII including, but not limited to, discrimination based on sex, the legal requirements of Title VII, including examples of sex discrimination and harassment, and the retaliation provisions of Title VII;

    c.    All aspects of Title VII's prohibition against discrimination on the basis of race during Climatemp's hiring process;

d.   The importance of maintaining an environment free from discrimination, harassment and retaliation;

e.   The protections against retaliation for reporting, opposing or participating in activity related to the opposition of discrimination or retaliation;

f.    The types of disciplinary actions that shall be taken against any employee who engages in discrimination or retaliation;

g.   Practical examples aimed at the prevention of discrimination and retaliation; and

h.    Avenues available to employees of Climatemp to submit internal complaints of discrimination and/or retaliation to the designated individuals.

30.     During the term of this Consent Decree, all supervisory and management-level employees shall attend a two (2) hour training once per year. The training may be live or by video. The initial annual training will be scheduled and conducted within ninety (90) days of the entry of this Consent Decree. With regard to management and supervisor employees, the training shall include the same topics as required for non-supervisory employees, and, in addition, shall instruct such individuals on best practices for prevention of a sexually hostile work environment, prevention of discrimination on the basis of race during the hiring process, responding to discrimination and retaliation complaints, and will describe how effective investigation of such complaints are conducted and documented.  The training shall also address the Company's policies pertaining to confidentiality and anti-retaliation relative to employees who report or participate in an investigation or oppose discrimination and retaliation, and how to treat employees who report, witness, oppose or otherwise participate in an investigation or opposition of harassment and retaliation.  The training shall also explain that the evaluation of directors, supervisors and

managers shall consider, among other things, enforcement of Defendant's anti-harassment policies.

31      All training shall conclude with a minimum of ten (10) minutes for questions and answers.

32      The training and education for employees may be videotaped for review by non-supervisory employees, supervisory and management-level employees, and all Managers who supervise supervisors and Managers who are employed at the time of the training but unable to attend live training.

33.     This training, either live or by videotape, shall be provided to all new or rehired employees within three (3) months of their initial employment or rehire.

34      Climatemp shall generate a registry containing signatures of all persons attending the trainings described above. All non-supervisory employees, management and supervisory personnel attending the trainings shall be instructed to sign the registry when they attend the entire training session. Climatemp shall retain the registry for the duration of the Consent Decree.

35.     The training shall be delivered in accordance with training materials provided to the EEOC at least one week prior to each training.  All other training materials (pamphlets, brochures, agendas, videos), and the signed registry, shall be delivered to the EEOC Birmingham District Office, to the attention of the Regional Attorney at the address set out above, within two weeks of the conclusion of each training session.  Acceptance or review of these materials by the Commission shall not constitute approval of the said materials, but may be retained for compliance purposes.

36.     The training shall be presented by trainers or educators with knowledge and expertise in the requirements of Title VII, and the prevention of discrimination and retaliation, and may be

presented by Climatemp's Human Resources professionals or other individuals with such knowledge and expertise.

## **OTHER RELIEF**

37.     In the event Defendant receives any request for information, whether verbal or written, from potential employers, prospective employers or third parties seeking references or information about Robert DeFrancesco, Beatrice Diane Taylor or any of the Claimants identified on the distribution list, Defendant shall inform such potential employer(s), prospective employer(s) or third parties that its policy and practice is only to provide the dates of an individual's employment and the position held by that individual. Notwithstanding the foregoing, nothing in this Consent Decree shall be construed as prohibiting Climatemp from responding to or otherwise complying with a lawful court order issued after Climatemp's communication to the subpoenaing party that the information or documents sought pursuant to the subpoena are, or may be, subject to this Consent Decree.

38.     Within ninety (90) days of the entry of this Consent Decree, Defendant's President, Randy Englebert, shall issue a written statement to all employees confirming his commitment to a workplace free of discriminatory practices, advising employees on how to report discrimination or harassment in the workplace, and encouraging employees to report harassing or discriminatory conduct without fear of retaliation. Defendant shall send a copy of this written statement to the EEOC Birmingham District Office, to the attention of the Regional Attorney at the address set out above, within two weeks of its issuance to its employees.

**POSTING OF NOTICE**

39.     Climatemp shall post the six-part Department of Labor/Equal Employment Opportunity is The Law poster (item # 83800) or other poster containing the same information, in all breakrooms or other areas accessible to all employees as required by law.

40.     Within thirty (30) calendar days after entry of this Decree, Climatemp shall sign and post 8½-inch-by-11-inch sized copies of the notice attached as **Exhibit A** to this Consent Decree on all bulletin boards usually used by Defendant at its facilities for announcements, and for notices of employment policy or practice changes to employees, during the term of this Consent Decree, including intranet pages and electronic bulletin boards.

**RECORDS RETENTION**

41.     The Defendant shall maintain the following records during the period of this Consent Decree:

        (1)     Title VII policies and procedures;

        (2)     Discrimination and retaliation complaints made by employees;

        (3)     All documents generated in connection with any complaint investigation, or resolution of complaints involving allegations of violations of Title VII, including discrimination, reasonable accommodation and retaliation;

        (4)     All materials used in training provided pursuant to the terms of this Consent Decree;

        (5)     Attendance lists for such training;

        (6)     All job postings, job applications, and notes from interviews of job applicants.

## SUCCESSOR NOTIFICATION

42.     For the duration of this Decree, Defendant shall provide notice and a copy of this Decree to any successors or any other corporation or other entity that acquires Defendant and any other corporation or other entity into which Defendant may merge.

## DISPUTE RESOLUTION

43.     In the event that the Commission believes during the term of this Consent Decree that Climatemp has failed to comply with any provision(s) of the Consent Decree, the Commission shall notify Climatemp or its counsel of the alleged non-compliance and shall afford Climatemp thirty (30) calendar days thereafter to remedy the non-compliance or to satisfy the Commission the alleged non-compliance is not well founded.  If Climatemp has not remedied the alleged non-compliance or satisfied the Commission that it has complied within thirty (30) calendar days, the Commission may apply to the Court for appropriate relief.

## ATTORNEYS' FEES

44.     The parties shall bear their own attorneys' fees and costs incurred in this action up to the date of the entry of this Consent Decree.

## FORCE AND EFFECT

45.     The duration of this Consent Decree shall be four (4) years from its entry. For all purposes in this Consent Decree, the date of entry is the date the Court enters it into the record with the Judge's signature.

46.     The Court shall retain jurisdiction for the duration of the Consent Decree, during which the Commission may petition this Court for compliance with this Consent Decree.  Should the Court determine that Defendant has not complied with this Consent Decree, appropriate relief, including

16

extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

47.     Absent extension, this Consent Decree shall expire by its own terms at the end of four (4) years from the date of entry of this Consent Decree without further action by the Parties.

48.     The Parties agree to the entry of this Consent Decree subject to final approval by the Court.

SO ORDERED, ADJUDGED, and DECREED this _____ day of _____, 2021.

_____
UNITED STATES DISTRICT JUDGE

APPROVED AND CONSENTED TO BY:

Date: 4/8/21

_____
AUTHORIZED REPRESENTATIVE
FOR DEFENDANT
CLIMATEMP COOLING & HEATING, INC.

Randy Englebert
(Printed Name)

Date: 4/8/21

_____
ATTORNEY FOR CLIMATEMP

Celia J. Collins
(Printed Name)

Date:

_____
MARSHA RUCKER
Regional Attorney

Gerald Miller
Supervisory Trial Attorney

Marsha L. Rucker
(Printed Name)

17

Gina Pearson
Trial Attorney

Kurt Fischer
Trial Attorney

**U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, AL  35205-2886
Telephone: (205) 651-7045

**ATTORNEYS FOR PLAINTIFF EEOC**

## ATTACHMENT A – NOTICE TO ALL EMPLOYEES

This Notice is posted by agreement between Climatemp Cooling & Heating, Inc., and the Equal Employment Opportunity Commission (EEOC). Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination against employees on the basis of race, color, religion, national origin, or sex. The law also makes it illegal to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. Title VII prohibits discrimination against applicants or employees because of their sex or race, in all employment practices, including hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment.

It is illegal to harass an employee because of race, color, religion, sex (including gender identity, sexual orientation, and pregnancy), national origin, age (40 or older), disability or genetic information. It is also illegal to harass someone because they have complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. Harassment can take the form of slurs, graffiti, offensive or derogatory comments, or other verbal or physical conduct. Sexual harassment (including unwelcome sexual advances, requests for sexual favors, and other conduct of a sexual nature) is also unlawful. The harasser can be the victim's supervisor, a supervisor in another area, a co-worker, or someone who is not an employee of the employer, such as a client or customer.

If you believe you have been discriminated against, subjected to retaliation, or have been a witness to discrimination or retaliation, you may contact the EEOC at (205) 212-2000. The EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for four years from _____ and must not be altered, defaced or covered, by any other material. Any questions about this Notice or compliance with its terms may be directed to: Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, Suite 2000, 1130-22nd Street South, Birmingham, Alabama 35205.